## HARDY, TRUSTEE, *v.* WEYER.

[No. 6,495.  Filed October 9, 1908.]

1. PLEADING.—*Complaint.*—*Conditional Sales.*—*Partnership.*—*Dissolution.*—*Election.*—A complaint by a trustee in bankruptcy for one of two partners against the other partner alleging that defendant agreed to purchase a one-half interest in the partnership, paying $1,000 cash, and if the business was satisfactory agreeing to pay another $1,000, but if not satisfactory he was to have a return of the $1,000 paid, that within the year for decision defendant brought suit for a dissolution and secured the appointment of a receiver who wound up the business, that the plaintiff was appointed within the year as a trustee in bankruptcy for the other partner and demanding judgment for the unpaid $1,000, is bad, since the suit for a dissolution, as well as the bankruptcy of the other partner, constituted a legal election on defendant's part not to continue in the partnership relation.  p. 344.

2. BANKRUPTCY.—*Trustees.*—*Enforcement of Bankrupt's Contracts.*—A trustee in bankruptcy occupies the same place as the bankrupt in the enforcement of the bankrupt's contracts.  p. 346.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by William D. Hardy, as trustee in bankruptcy of the estate of Otto Georges, bankrupt, against John W. Weyer.  From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Van Buskirk & Osborn* and *Posey & Hardy,* for appellant.
*Louis J. Herman* and *William P. Miedreich,* for appellee.

COMSTOCK, J.—Appellant, as trustee, sought to recover for the second instalment of the purchase price of property sold to appellee by the bankrupt, Otto Georges.  A separate demurrer for want of facts to each of the three paragraphs

of the amended complaint was sustained. Appellant refusing to plead further, judgment was rendered against him for costs.

Appellant asks a reversal, upon the alleged error of the court in holding each paragraph of said complaint insufficient. The three paragraphs of the complaint are substantially the same. The third concisely states the facts in issue, and it is unnecessary further to refer to the other two.

Omitting the caption, the complaint alleges, in substance, that on August 26, 1905, Otto Georges, on his petition, was duly adjudged a bankrupt, and plaintiff on October 27, 1905, duly qualified as trustee, and assumed the duties of said trust, and now prosecutes this action as said trustee; that on February 6, 1905, said Otto Georges entered into a contract with the defendant, by the terms of which the said Georges sold and delivered to the defendant a one-half interest in the Black Diamond Cigar Company, and said Georges and Weyer agreed to become partners and prosecute the business of said Black Diamond Cigar Company; (A copy of said contract marked exhibit A is attached and made a part of the complaint); that according to the terms of said contract the defendant agreed to pay to said Otto Georges for said one-half interest in said business the sum of $2,000 in two instalments—$1,000 in cash, and if, at the expiration of one year from date thereof, said John W. Weyer should be satisfied with and wish to continue as a partner in said business, then he should pay the second instalment of $1,000, together with five per cent interest from the date of said contract; that on February 6, 1905, said defendant did pay to said Georges the first instalment of $1,000 and entered into said business with said Georges as a partner; that on August 25, 1905, the defendant filed his complaint in the Vanderburgh Circuit Court, asking that said partnership be dissolved and an account taken of all partnership dealings and assessments from the commencement thereof, and all moneys received and paid by said

Weyer and said Georges, respectively, and that the property of the firm be sold, the partnership debts and liabilities paid off, and the surplus, if any, properly distributed; that a receiver be appointed to, take charge of the partnership money, property and effects and to sell and dispose of the same, and for all other proper relief; that on said date said court appointed a receiver to take charge of said partnership business and property according to the prayer of said complaint, and upon a hearing of said cause of complaint ordered the sale of said partnership property; that on October 14, 1905, said receiver, at 2 o'clock p. m., sold said property at public sale to the defendant, who was the highest and best bidder; that the defendant refused and still refuses to pay said second instalment of $1,000 of the purchase price of said one-half interest in said Black Diamond Cigar Company; that said sum of $1,000, together with interest for one year at five per cent, amounting to $50, was due on February 6, 1906; that said sum of $1,050, with interest from February 6, 1906, is now due and unpaid to plaintiff.

The terms of the agreement and the foundation of the action are clear. A one-half interest and a partnership in the business was at the option of appellee sold to him for $2,000, payable in two instalments of $1,000 each, the first $1,000 to be, and was, paid in cash, and $1,000 to be paid at the expiration of one year from the date of the contract, if Weyer was satisfied with the business and wished to continue as a partner. If he was not satisfied with the business at the expiration of the year he was to have the privilege of withdrawing from the partnership, and was to be repaid the first instalment of $1,000, and was to receive one-half the profits. This was in the nature of interest for the use of the money. The second instalment was to be paid or not as the appellee should elect. When, before the expiration of the year, he brought suit for a dissolution of the partnership and an accounting, he plainly

declared by that act that he was not satisfied with.the business, and elected to withdraw from the partnership.

When Georges, upon his own petition, was adjudged a bankrupt, and a trustee was appointed for his estate, said partnership was dissolved, and the consideration upon which the second $1,000 was to be paid could not be performed. The voluntary proceeding in bankruptcy prevented the possible condition under which appellee might have desired to continue the business relations.

Georges, under the facts disclosed by the complaint, 2. apart from the allegations of the bankruptcy proceedings, would have had no right of action; his trustee has no greater authority.

Appellant cites authorities in support of the proposition that when the owner of a chattel sells and delivers it to another, and receives from him a sum of money in part payment therefor, and the purchaser promises to pay the balance on a specified date, or return the chattel, the title passes unconditionally to the purchaser. The proposition is not involved here, and the cases are not applicable.

Judgment affirmed.