## ZARTMAN, TRUSTEE IN BANKRUPTCY, *v.* FIRST NATIONAL BANK OF WATERLOO.

### ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 74. Argued January 12, 1910.—Decided February 21, 1910.

The jurisdiction which equity has to decree correction of errors in
written contracts caused by mutual mistake is not suspended by
the bankruptcy law; and the trustee takes property as the debtor
had it at the time of the petition subject to all valid claims, liens
and equities, including the power of a court of equity to correct
manifest error by mutual mistake in an agreement made prior to
the petition.

Where a contract is reformed to correct a mutual mistake and make
it conform to the intent of the parties a new lien is not created,
but the original lien is adjudicated and determined.

189 N. Y. 533, affirmed.

THIS was a suit brought in the Supreme Court of the State
of New York by the First National Bank of Waterloo against
Francis Bacon and George E. Zartman, as Bacon's trustee
in bankruptcy, to procure the reformation of a written contract
made by plaintiff and defendant Bacon February 15, 1902.

Before the contract was made, Bacon was president of the
First National Bank of Waterloo, New York, and also of the
Waterloo Wagon Company. He was active in the office of
the Wagon Company, while the business of the bank was
looked after by its cashier Becker. The Waterloo Bank had
extended credit to the Wagon Company and to Bacon individually, discounting paper and taking notes.

The Exchange National Bank of Seneca Falls, New York,

held, by assignment from Bacon, 461 shares of the stock of the Wagon Company and 253 shares of the Waterloo Bank, as continuing collateral security for any existing or future indebtedness of Bacon or the Wagon Company.

The contract between Bacon and the Waterloo Bank provided that the shares were "to be held by said bank as a continuing collateral security for the payment to it of any indebtedness or liability of any kind, absolute or contingent, due or not due, now existing or that may hereafter exist, arise, accrue or be contracted, on the part of himself or of the Waterloo Wagon Company Limited, to said bank, and the said Francis Bacon hereby agrees with the First National Bank of Waterloo that the said certificates of stock above named *are transferred to and* may be held by the said First National Bank of Waterloo as a continuing collateral security for the payment to it of any indebtedness or liability of any kind, absolute or contingent, *now existing or* that may hereafter exist, arise, accrue or be contracted on the part of the Waterloo Wagon Company Limited, *or himself,* to said bank and said shares of stock upon their surrender by the Exchange National Bank shall be deposited with the said First National Bank of Waterloo."

The words in italics were omitted from the contract by mutual mistakes made in preparing and executing it, and the New York Supreme Court, by its decision, reformed the contract by inserting them. In the meantime, however, Bacon had become a bankrupt, having been so adjudicated May 4, 1904, and defendant Zartman had been appointed trustee.

This action was begun October 17, 1904. The trustee alone defended.

The judgment was unanimously affirmed by the Appellate Division of the Fourth Department, 113 App. Div. 612, and on appeal to the Court of Appeals the decision of the Appellate Division was unanimously affirmed without opinion. 189 N. Y. 533. The remittitur was filed below November 9, 1907, and this writ of error was thereupon allowed.

*Mr. George E. Zartman pro se* for plaintiff in error:

The interest which the trustee took could not be diminished by the action of the court; reformation of the contract would be in direct violation of the bankrupt act. Under § 67*a* claims which for want of record or for other reasons could not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate.

No lien in this case could be created on the stock affected except by delivery, and there was no delivery in this case. *Wilson* v. *Little,* 2 N. Y. 446, 457; 3 Pom. Eq. Jur., § 1235; *Stephens* v. *Perrine,* 143 N. Y. 476; *Skilton* v. *Coddington,* 185 N. Y. 80.

The day the petition is filed separates past and future as to liens and as to when rights of parties are to be adjusted. *Re Peare,* 4 Am. Bk. Rep. 578; *Goldman* v. *Smith,* 2 Am. Bk. Rep. 104; *Morgan* v. *Campbell,* 22 Wall. 381; *Thompson* v. *Fairbanks,* 196 U. S. 516; *Re McDonald,* 21 Am. Bk. Rep. 358; *Security Co.* v. *Hand,* 143 Fed. Rep. 32, aff'd 206 U. S. 415.

The rights of the trustee as representing the receiver were not regarded by the state court. The receiver took the legal title.

The trustee is entitled to the same protection as a *bona fide* purchaser for value. *Re Book,* 98 Fed. Rep. 975; *Re Thorpe,* 12 Am. Bk. Rep. 195; *Fourth Street Bank* v. *Milbourne Mills,* 22 Am. Bk. Rep. 442.

The judgment reforming the contract created a new lien, and both judgment and lien are void as against the trustee.

*Mr. W. H. Sholes* for defendant in error:

The bankruptcy law does not suspend the important branch of equity jurisprudence which has to do with the correction of mistakes in written instruments caused by the oversight or carelessness of the parties thereto or their scriveners.

Plaintiff in error claims that the mistake made in dictating or writing out the contract is an asset in his hands as a part of

the estate of the bankrupt and that he takes the same kind of title as a *bona fide* purchaser for value. This is error, for the rule is, that the trustee takes the property of the bankrupt not as an innocent purchaser would, but as the debtor had it at the time of the petition, subject to all valid claims, liens and equities. *Winsor* v. *McClellan*, 2 Story, 492; *Donaldson* v. *Farwell*, 93 U. S. 631; *Casey* v. *La Societe de Credit Mobilier*, 2 Wood, 777; *Stewart* v. *Platt*, 101 U. S. 731; *Re N. Y. Economical Printing Co.*, 6 Am. Bk. Rep. 615; *Yeatman* v. *New Orleans Sav. Inst.*, 95 U. S. 764; *Thompson* v. *Fairbanks*, 196 U. S. 516.

An attaching creditor is not a *bona fide* purchaser. *Sargent* v. *Sturm*, 23 Colorado, 359; *Thompson* v. *Rose*, 16 Connecticut, 71; *Oswego Starch Factory* v. *Lendrum*, 57 Iowa, 573; *American Union Ex. Co.* v. *Willsie*, 79 Illinois, 92; *Jordan* v. *Parker*, 56 Maine, 557; *Thaxter* v. *Foster*, 153 Massachusetts, 151; *Naugatuck Cutter Co.* v. *Babcock*, 22 Hun, 481; *Mowrey* v. *Walsh*, 8 Cow. 245; *Devoe* v. *Brandt*, 53 N. Y. 462; *Bradley* v. *Olear*, 10 N. H. 477; *Poor* v. *Woodburn*, 25 Vermont, 234.

An assignee for benefit of creditors is not a *bona fide* purchaser. *Wailes* v. *Couch*, 75 Alabama, 134; *Belding* v. *Frankland*, 8 Lea (Tenn.), 67, *Farley* v. *Lincoln*, 51 N. H. 579; *Ratcliffe* v. *Sangston*, 18 Maryland, 383; *Bussing* v. *Rice*, 2 Cush. (Mass.) 48.

Nor is an assignee in bankruptcy a *bona fide* purchaser. *Donaldson* v. *Farwell*, 93 U. S. 631; *Montgomery* v. *Bucyrus Mach. Works*, 92 U. S. 257.

That courts of equity will decree the correction of errors in written instruments which have been caused by mutual mistakes has nowhere been more strongly upheld than in the United States courts. *Hunt* v. *Rousmanier*, 1 Pet. 1; *Same* v. *Same*, 8 Wheat. 174; *Ivinson* v. *Hutton*, 98 U. S. 79; *Walden* v. *Skinner*, 101 U. S. 577; *Elliott* v. *Sackett*, 108 U. S. 132; *Adams* v. *Henderson*, 168 U. S. 573.

There is no provision whatever in any statute, either state

or national, which connects the question involved in this case with any rule or regulation concerning the filing or recording of any paper whatever. No such question is here in any form.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The jurisdiction in equity to decree the correction of errors in written contracts which have been caused by mutual mistake is firmly established and needs no citation of authority to sustain it. In the present case the evidence of the mistakes in question was undisputed. We are not aware that the bankruptcy law has suspended that jurisdiction.

The position of the trustee in bankruptcy seems to be that the mistake made by Bacon in dictating or writing out the contract between himself and the Waterloo Bank "is an asset in his hands as part of the estate of the bankrupt," but we cannot agree to that. The trustee claims that he takes the same kind of title as a *bona fide* purchaser for value, but the rule applicable to this and all similar cases is that the trustee takes the property of the bankrupt, not as an innocent purchaser, but as the debtor had it at the time of the petition, subject to all valid claims, liens and equities. *Thompson* v. *Fairbanks*, 196 U. S. 516, and cases cited. And this is so well settled that our jurisdiction of the writ of error is exceedingly doubtful. Judge Williams, speaking for Appellate Division, Fourth Department, treated of this point thus (113 App. Div. 612, 615):

"It is said that the bankruptcy of Bacon constituted a bar to the relief granted in this action. This cannot be true. The trustee took the bankrupt's property in the same condition and subject to the same liens as the bankrupt himself held it. The trustee is in no sense a *bona fide* purchaser for value, and entitled to protection as such. No new lien was created by the decision and judgment appealed from. The original lien was adjudicated and determined."

We concur in this view, and the judgment is *Affirmed.*