# Sparks *v.* Weatherly.

*Bill to Subject Land to the Payment of Debts.*

(Decided April 11, 1912.   58 South. 280.)

1. *Bankruptcy; Right of Trustee; Action.*—Where a trustee in bankruptcy seeks to reach, in a state court, land sold by the bankrupt prior to the adjudication in bankruptcy on the theory that the conveyance was void under section 3383, Code 1907, he must show that he has or represents a judgment creditor with a lien and without notice, and since a judgment merely does not operate as a lien, and since, under section 4093, Code 1907, an execution operates as a lien only from the time it is received by the sheriff, such a trustee neither has nor represents creditors who have a lien, and hence, may not maintain the action.

2. *Same; Statutes.*—Under the Bankruptcy Act of July, 1898, as amended by the Act of June 25, 1910, it is merely provided that as to property adversely held the trustee may proceed in such manner as an individual creditor to subject the assets of the bankrupt, had bankruptcy not intervened, and a trustee may not sue to recover lands conveyed by the bankrupt prior to the adjudication on the mere ground that the deed had not been recorded.

(Anderson, McClellan and Mayfield, JJ., dissent.)

APPEAL from Calhoun Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by W. H. Weatherly, as trustee in bankruptcy of D. M. Sparks, a bankrupt, against H. O. Sparks, to reach and sell land for the satisfaction of the debts of the bankrupt.   From a decree for complainant, defendant appeals.   Reversed and remanded.

The bill alleges the appointment and qualification of complainant as trustee of the bankrupt estate of D. M. Sparks and permission from the referee in bankruptcy

[Sparks v. Weatherly.]

to prosecute this suit, attaching the different appointments and commissions as exhibits to the bill. The bill then sets forth the property that came into his hands as trustee in bankruptcy belonging to said bankrupt, and its value, and alleges its insufficiency to pay the debts provable against the estate of the bankrupt. The date of his appointment as trustee, and qualification, was March 24, 1911. It is then alleged that on the 5th day of February, 1909, and for several months prior thereto, the said D. M. Sparks owned certain real estate, which is described, situated in Calhoun county, Ala., and that on the 5th day of February, 1909, D. M. Sparks sold and conveyed such land to one H. O. Sparks, but that the deed was never recorded in the office of the judge of probate of Calhoun county prior to the election and appointment of complainant as trustee in bankruptcy. It is then alleged that during the fall of 1908, and up to the 5th day of January, 1909, Jessie Webb was the tenant of said D. M. Sparks, that said Sparks lived with his tenant during said time, and that after said date, and until after the bankruptcy proceedings were instituted, said Jessie Webb remained in possession of said property, either as the tenant of D. M. or H. O. Sparks, and that there was, therefore, no visible change of possession. It is then alleged that this property never came into the custody of orator, or the bankrupt court, and his right to it was asserted under section 47 of the Bankrupt Act in connection with the state statutes, and he asks to be placed in position, and vested with the rights, remedies, and powers, of a judgment creditor holding an execution duly returned unsatisfied.

Ross Blackmon, for appellant. The conveyance withholds nothing which could be reached by the creditors

of Sparks, and consequently worked no injury to them. —*Steiner Bros. v. Berry,* 130 Ala. 292; *First Nat. Bank v. Brown,* 128 Ala. 550. D. M. Sparks was a necessary party respondent to the bill.—*Sanders v. Godley,* 23 Ala. 473; *Elliott v. Sidney,* 101 Ala. 344; *Kinney v. Essinger,* 87 Ala. 340. Only the title which the bankrupt has vests in his trustee.—*Zavello v. Cohen Bros.,* 156 Ala. 517. The trustee stands in the place of the creditor, and may pursue the remedies only which the creditors can pursue.—*Exchange Nat. Bank v. Stewart,* 158 Ala. 223. The creditors could not maintain such a bill without making the bankrupt a party respondent.—156 Fed. 945; 93 U. S. 631; 75 Ala. 517. Under section 5060, U. S. Stat., and sec. 4070, et seq., the trustee had an adequate remedy at law.—*T. & C. R. R. Co. v. E. A. R. R. Co.,* 75 Ala. 516. The trustee did not represent any creditors with liens, and hence, could not attack a conveyance made before bankruptcy.

BLACKWELL & AGEE, for appellee. No brief reached the Reporter.

SAYRE, J.—The bill in this case was filed by appellee as trustee in bankruptcy of the estate of D. M. Sparks, a bankrupt, and sought to condemn to the satisfaction of the provable debts of the bankrupt a certain parcel of land which had been conveyed by the bankrupt to appellant more than two years, as the bill shows, before the adjudication of bankruptcy. No charge of fraud is brought against the conveyance. Complainant has proceeded against the property as property not in the custody of the bankruptcy court—that is, as property adversely held—and seeks relief upon the theory that by the conjoint operation of section 3383 of the Code of Alabama and the Bankruptcy Act of Congress

as amended June 25, 1910, the property has become liable to the satisfaction of the debts of the bankrupt. If the briefs filed here may be taken as fairly reproducing the arguments advanced in the chancery court, it may be matter of some doubt whether the specific question raised by complainant's theory was urged upon the chancellor's attention. But it is necessarily involved and controls the equity of the bill. It ought therefore to be considered.

Section 3383 of the Code provides as follows: "All conveyances of real property, deeds, mortgages, deeds of trust, or instruments in the nature of mortgages, to secure any debts, are inoperative and void, as to purchasers for a valuable consideration, mortgagees, and judgment creditors, without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees, or judgment creditors." The act of Congress provides that trustees in bankruptcy, "as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."—36 U. S. St. at Large, p. 840. Whatever may be the purpose of this amendment of the Bankruptcy Law, and wherever it may have operation and effect, we think it conferred no rights upon the trustee under the facts stated in the bill. Jurisdiction of the bill is exercised by the courts of this state under the Constitution and laws of this state. The trustee is proceeding under the state law, and under that law must show that he is, or represents, a judgment creditor with a lien and without notice before he can be heard to complain that defendant's failure to record his deed has rendered it inoperative and void. A mere judgment does not operate as a lien. —*Decatur Company v. Moses,* 89 Ala. 538, 7 South. 637.

An execution operates as a lien from the time only that the writ is received by the sheriff (Code, § 4093) ; and by a return of it unsatisfied without more, the writ becomes functus officio.—*Chaney v. Burford Lumber Co.*, 132 Ala. 318, 31 South. 369. So then, under the law of this state, the trustee neither has, nor represents creditors who have, a lien.

Did the amendment which we have quoted have effect to make an adjudication of bankruptcy equivalent to a specific lien? Does the amendment undertake to declare that an adjudication is the equivalent of a judgment rendered and execution thereon issued in favor of all creditors? The fact is that there has been no judgment rendered, and the competency of Congress to declare that a proceeding in bankruptcy, which has none of the characteristics of a judicial proceeding for the recovery of a judgment, shall under these circumstances have the force and effect of a judgment rendered, and an execution issued and kept alive against the property of persons holding and claiming adversely is doubted. At any rate, such is not the language of that part of the amendment supposed to have application in this case, nor does it hold any equivalent language. Persuasive to the conclusion that such was not the intention of Congress is the language of the immediately preceding clause of the amendment which, discriminating between the two classes of property rights, provides that as to property in the custody of the bankruptcy court the bankruptcy trustee shall be considered to have the same title that a creditor holding an execution or other lien by legal or equitable proceedings levied upon that property would have under the law of the state. In that case, differing in this respect from the language of the clause in question, we observe the definitely expressed purpose of making the custody of

the court the equivalent of the lien which might have been acquired by a levy upon the property under the state law. But even as to this clause the federal courts, in those cases which have come to our attention, have been unable to agree as to its meaning and effect.— *In re Lausman* (D. C.) 25 Am. Bankr. Rep. 186, 183 Fed. 647; s. c. (D. C.) 183 Fed. 647; *In re Bazemore* (D. C.) 26 Am. Bankr. Rep. 494, 189 Fed. 236. Such sources of information and inference are by no means conclusive of the intention of Congress in the enactment of laws, but the report of the House Committee on the Judiciary is persuasive in some degree that the intention of the two clauses of the amendment under consideration was twofold: As to property which has come into the custody of the court, to provide against the evil of secret liens—to obviate the advantages theretofore accorded by the courts (*York Manufacturing Co. v. Cassell*, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782) to the holders of unrecorded liens; as to property adversely held, to enable the trustee to proceed precisely as an individual creditor might have done to subject assets. "In this way, in effect, proceedings in bankruptcy will give to creditors all the rights that creditors under the state law might have had had there been no bankruptcy and from which they are debarred by the bankruptcy—certainly a very desirable and eminently fair position to be granted to the trustee."—Com. Rep. No. 511, 61st Cong. There is nothing in this exposition of the meaning of the statute, nor is there anything in the strict language of the act itself, to indicate a purpose to extend the operation of the registration laws of the states beyond the effect given to them in the states. On the contrary, we are of opinion that the clause of the amendment in question was intended to provide that as to property adversely held the trustee should

be entitled to proceed in such cases and in such manner as an individual creditor might have proceeded in subjecting the assets of the bankrupt, had the bankruptcy not intervened to prevent; that no enlargement of the rights of the trustee representing creditors was intended over and above the rights conferred upon creditors themselves by the statutes of the state; that as to substantive rights the trustee is in no better position than the bankrupt or his creditors would have been, except that he may come into equity without being required to first exhaust his remedy at law, a matter of advantage to the trustee in some jurisdictions, though not in this, for in this state a creditor at large may proceed against the assets of his debtor adversely held by third persons in fraud of his rights.

The defendant in this case is not the holder of a mere lien recorded or unrecorded. He is the legal and equitable owner of the property. There is no shadow upon the integrity of his ownership, nor is the validity of his title under the law of this state questioned. As against this ownership his creditors could not acquire any right under the law of this state unless by proceeding to a judgment in a court of law and having an execution issued and levied or kept alive, by reissuance at each term, beyond the recordation of defendant's deed which he may have had or may have at any time. Our conclusion is that the bill contains no equity—a fact the court should notice ex mero—and should be dismissed unless amended to cure its defect within such time as the court below may prescribe. The decree is therefore reversed, and the cause remanded.

Reversed and remanded.

Dowdell, C. J., and Simpson and Somerville, JJ., concur. Anderson, McClellan, and Mayfield, JJ., dissent.

MAYFIELD, J.— (dissenting.)—The acute question presented on this appeal is this: Can a trustee in bankruptcy maintain a bill against a grantee of the bankrupt, to set aside an absolute conveyance of land, made more than four months before the bankruptcy, upon the ground that the conveyance was not recorded before the accrual of the rights of the trustee; there being no judgment creditors of the bankrupt?

Our statute, section 3383 of the Code, provides that all conveyances of real property are void as to purchasers, mortgagees, judgment creditors, etc., unless recorded before the accrual of the rights of such purchasers, judgment creditors, etc. Of course, a trustee in bankruptcy is not a purchaser for value, nor is he a judgment creditor, and therefore does not come within the express terms of the statute. The difficulty arises in the construction of the Bankrupt Act, the question being whether or not it is the effect of that act, to place the trustee in the position of a judgment creditor, and to afford him all the rights and remedies which state statutes may confer upon judgment creditors.

Section 47 of the Bankrupt Act, subdivision 2, in effect provides that all property in the custody, or coming into the custody, of the bankruptcy court shall be deemed vested in the trustee, with all the rights, remedies, and powers of a judgment creditor holding a lien by legal or equitable proceeding; and that as to property not in the custody of said court, the trustee shall be deemed vested with the rights and remedies and powers of a judgment creditor holding an execution duly returned not satisfied.

Section 70 of the act provides that the trustee shall be vested with the title of the bankrupt as of the date he was adjudged a bankrupt, to all the property transferred by him in fraud of his creditors, and also *to all*

*the property which might have been levied upon and sold under judicial process against the bankrupt.* The property in question could unquestionably have been reached by such judicial process.

Under the former bankruptcy acts, there was no doubt that the trustee could not maintain a bill such as this, because the statutes, state and federal, neither conferred any rights or liens, nor the authority to maintain the bill.  This was repeatedly decided by the Supreme Court of the United States.  But Mr. Collier, and a number of federal and state courts, seem to think that the effect of the provisions of the present Bankruptcy Act, above set out, was to place the trustee in the same position that a creditor would be in if he had a judgment, and execution thereon.  In fact, the statute so expressly declares, as to property not in the custody of the court.  It reads as follows:  *"As to property not in the custody of said court, the trustee shall be deemed vested with the rights and remedies and powers of a judgment creditor holding an execution duly returned not satisfied."*  Mr. Collier, in discussing the first abovementioned section, says that the trustee, as to the property not in the custody of the court, stands in the position of a judgment creditor holding an execution returned unsatisfied, thus entitling him to proceed against the assets in the same manner as a judgment creditor.— Collier on Bankruptcy, 541 542.

If this be the law and the effect of the Bankrupt Act, then unquestionably the trustee in bankruptcy may maintain a bill to set aside a conveyance, and to subject the property conveyed thereby to the use of the estate, if the conveyance thereof was void as against such creditors because not recorded as required by section 3383 of the state Code.

[Sparks v. Weatherly.]

I have been unable to find any adjudicated case directly in point, as to absolute conveyances rendered void as against certain persons because not recorded. Quite a number of cases may be found collated and referred to in the Decennial Digest (volume 3), under the subject Bankruptcy, section 184 (2). While there seems to be a lack of uniformity in these decisions as to the right of the trustee to reach and subject property which has been mortgaged, or of which the vendor retained the title, or upon which he holds a lien by virtue of other security, when the mortgage, conditional sale contract, or other instrument securing the lien had not been recorded as required by statute, it is possible that this apparent conflict arises from the different wording of the respective statutes as applicable to the former decisions in the different states; but the weight of authority as to adjudicated cases seems to support the statement of the law by Mr. Collier, above referred to, and it seems to be the better rule for the reason assigned by him.

The creditors are certainly hindered, if not prevented, from reducing their claims and debts to judgment in consequence of bankrupt proceedings. This was probably the reason which brought forth the provision of the act giving the trustee the same rights as judgment creditors have.

I am therefore of the opinion that the bill filed in this case may be maintained, and that the demurrer on this ground was properly overruled.

While the bankrupt may be a proper party in such bankrupt proceedings, he is not a necessary party, for the reason that the trustee evidently succeeds to all his rights, and as between him and his grantee the conveyance was, of course, valid. In my opinion the trial court, in consequence, properly held the plea of respondent setting up non-joinder of the bankrupt as a party, insufficient.