(82 South. 106)

AMERICAN BOTTLE CO. v. FINNEY.
(6 Div. 881.)

(Supreme Court of Alabama.   May 1, 1919. Rehearing Denied May 22, 1919.)

1. BANKRUPTCY &#9758;151—TITLE OF TRUSTEE.

Trustee in bankruptcy takes the property of bankrupt merely as bankrupt had it at time of the petition, subject to all valid claims, liens, and equities.

2. SALES &#9758;305—LIEN FOR PRICE.

The manufacturer and seller of goods, keeping them in storage for the buyer under agreement that they are to be shipped on buyer's order, has a lien thereon for purchase price; and on insolvency of buyer, unless lien is waived, has right to retain them till payment or tender of price.

3. BANKRUPTCY &#9758;296—TRUSTEE—RIGHTS AS TO PROPERTY NOT IN POSSESSION.

As to property of bankrupt which never came into possession of his trustee, but is in possession of the seller thereof to bankrupt, with assertion of lien, the trustee under Bankr. Act, as amended (Comp. St. § 9631), is vested merely with the rights, remedies, and powers of a judgment creditor holding an execution returned unsatisfied, and must assert his lien in courts of the state where the property is.

4. BANKRUPTCY &#9758;268—TITLE OF PURCHASER FROM TRUSTEE.

Sale by trustee in bankruptcy of property of bankrupt which has never come into his possession, but is in possession of another claiming lien thereon, though confirmed by bankruptcy court, does not vest in buyer the title and right to immediate possession necessary to maintenance of trover.

5. BANKRUPTCY &#9758;268—SALES—CAVEAT EMPTOR.

Sale by trustee in bankruptcy confirmed by bankruptcy court is a judicial sale, to which rule of caveat emptor applies.

6. TROVER AND CONVERSION &#9758;34(5)—PLEADING—ISSUES.

Plea of not guilty in action of trover puts in issue every matter which might have been pleaded, except a release.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by T. L. Finney against the American Bottling Company. Judgment for plaintiff, and defendant appealed. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Roy McCullough, of Birmingham, for appellant.

Erle Pettus, of Birmingham, for appellee.

SAYRE, J. [1-6] Appellant, a corporation doing business in Chicago, Ill., manufactured for the Birmingham Pepsi-Cola Bottling Company a large number of bottles, a large part of which appellant kept in storage for the Pepsi-Cola Company in accordance with an agreement that they were to be shipped from time to time on the Pepsi-Cola Company's order, to be paid for at 30 days. Appellant had on hand 292 gross of these bottles when the Pepsi-Cola Company was adjudicated a bankrupt. The trustee in bankruptcy, upon his appointment, took the property of the

bankrupt, not as an innocent purchaser, but as the debtor had it at the time of the petition, subject to all valid claims, liens, and equities. Zartman v. Bank, 216 U. S. 134, 30 Sup. Ct. 368, 54 L. Ed. 418. So long as the bottles remained in the possession of appellant it had a lien on them for the purchase price, and, upon the insolvency of the Pepsi-Cola Company, unless appellant's lien was waived, it had a right to retain them until payment or tender of the price. 35 Cyc. 486–493. But in its claim against the bankrupt estate of the Pepsi-Cola Company appellant included the purchase price of the 292 gross of bottles it then had on hand. Appellant's interposition of its claim for the purchase price of the bottles, had the matter been allowed to rest with that, would no doubt have operated as an implied waiver of its lien on the bottles for the purchase price; but, unquestionably, appellant did change its position so far as it was able to do so, did renounce its claim against the bankrupt estate for the price of the bottles, and did assert its right against the bottles themselves then in its possession; and, as a mere prospective purchaser, appellee had no interest which armed him with the right to object; his interest as a creditor was represented by the trustee. But aside from any question as to the operation and effect of the alleged waiver, the fact is that the bottles never came into the possession of the trustee, and at all times since appellant sought to obviate its waiver—and, as for that, for aught appearing, even before—have remained in the possession of appellant, asserting a paramount lien thereon. In these circumstances the trustee, under the amended statute of the United States (Act June 25, 1910, c. 412, § 8, 36 Stat. at Large, p. 840 [Comp. St. § 9631]), was vested with all the rights, remedies, and powers of a judgment creditor holding an execution returned unsatisfied, but nothing more, and it remained for the trustee to assert his lien in the courts of the State of Illinois. Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; In re Wells (D. C.) 114 Fed. 222; Sparks v. Weatherly, 176 Ala. 324, 58 South. 280. From this it follows that the trustee's sale did not vest in appellee that title and that right to immediate possession which are necessary to the maintenance of the action of trover. This we say even though it should be assumed that the record of the sale confirmed by the court of bankruptcy shows an attempt to sell the bottles in question, for the sale was a judicial sale, and the rule of caveat emptor applied (2 Remington on Bankruptcy, §§ 1950, 1959), so that the sale at best passed only whatever interest the trustee possessed (In re Gorwood [D. C.] 138 Fed. 844, 15 Am. Bankr. Rep. 107). Thus it appears that all issues necessary to a determination of the question between the parties were presented by the plea of not guilty, which put in issue every matter that might have been pleaded, except a release, and there is no necessity for considering the rulings on the other pleadings. Ryan v. Young, 147 Ala. 660, 41 South. 954; Barrett v. Mobile, 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54; Morris v. Hall, 41 Ala. 510.

Appellant was entitled to the general charge, and for its refusal the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.