# CHARLESTON.

JOHN H. CUSTARD, TRUSTEE, ETC., v. C. S. McNARY, *et al.*

Submitted February 3, 1920.    Decided February 10, 1920.

1. BANKRUPTCY—*Rights of Trustee are Subject to Equity Against Bankrupt.*

    The rights of a trustee in bankruptcy generally are not greater than those of the person whose estate he represents. He takes the property of the bankrupt, in cases unaffected by fraud, not as a bona fide purchaser, but in the same capacity and condition that the bankrupt himself held it, and subject to all equities impressed upon it in the hands of the bankrupt, except in cases where there has been a conveyance or encumbrance of the property which is void as against the trustee by some positive provision of the Bankruptcy Act. (p. 518).

2. SAME—*Amount Paid by Owner Under Contract with Bankrupt Construction Company to Sub-contractor Could not be Recovered by Trustee.*

    Where a construction company, before bankruptcy, enters into a building contract whereby it engages to erect and complete a building on or before a specified date, with a provision authorizing the owner, upon failure or inability of the con-

tractor to secure sufficient supplies, material or labor to prose-
cute the work continuously and diligently to completion, to
secure the same and deduct the cost thereof from any amount
then due the contractor or which may thereafter be due him,
and a subcontractor, fearing the insolvency of his principal,
refuses to proceed with his part of the work, but later
completes it after receiving verbal asurance from the owner,
in accordance with the provision of the contract, that the
latter will pay him out of the balance due the contractor, and
he does so pay him, the sum so paid constitutes no part of the
assets of the bankrupt, and recovery thereof may not be had
at the suit of the trustee.   (p. 518).

3.   FRAUDS, STATUTE OF—*Oral Promise to Pay Another's Debt
      Involving Benefit of Promisor is Valid.*

      If a person makes an oral promise to pay the debt of another
      in order to derive some benefit to himself thereby, which he
      would not otherwise have had, such promise is an original un-
      dertaking and not within the statute of frauds.   (p. 519).

Error to Circuit Court, McDowell County.

Action of assumpsit by John H. Custard, as trustee in bank-
ruptcy of the Bluestone Construction Company, against C. S.
McNary and others.   Judgment for plaintiff, and defendants
bring error.

*Reversed.   Judgment entered for defendants.*

*Litz & Harman,* for plaintiffs in error.
*W. E. Ross,* for defendant in error.

LYNCH, JUDGE:

From a judgment for plaintiff pronounced by the lower court
sitting in lieu of a jury in an action of assumpsit to recover
money paid defendants, alleged to belong to plaintiff as trustee
in bankruptcy, defendants prosecute this writ.   On July 5, 1916,
the Bluestone Construction Company, now bankrupt, contracted
with the State Board of Control for the construction of a cer-
tain addition to Welch Hospital No. 1, at Welch, the work to
be completed on or before December 1, 1916.   The contract con-
tained this provision: "If, at any time, the contractors should
for any cause fail or be unable to secure sufficient supplies, mate-
rial or labor to continuously and diligently prosecute the work
in such a manner as to complete it within the time specified,

then the State Board of Control or its Superintendent is hereby authorized to secure the same or such part or parts thereof as in their opinion are necessary, and deduct the cost thereof from any amount then due the contractors or which may thereafter be due them."

Shortly after the date of the contract the Bluestone Construction Company employed defendants to install the plumbing specified for the building. The former was unable to complete the building within the time specified, and defendants, becoming aware of its probable insolvency shortly after they began to perform their agreement, notified the Construction Company orally and the Board of Control by letter, January 20, 1917, of their intention not do the work they had contracted to do. In order to expedite the completion of the building, the superintendent of construction for the Board of Control, acting for and on its behalf in accordance with the provisions of paragraph six, verbally notified defendants to proceed with the plumbing and assured them that if they did the Board would pay them out of the balance due the Construction Company. Defendants, acting upon that assurance, installed the plumbing and completed the installation about February 10th, the date on which the Construction Company petitioned for and was adjudged a bankrupt. Two days later they presented to the Board of Control their bill for the services rendered, amounting to $327.00, of which the Board paid $189.25, deducting that sum from the unpaid balance due under the building contract. To recover the amount so paid, plaintiff, as trustee, instituted this action, charging such sum to be part of the assets of the bankrupt's estate; and it seems that was the view taken by the trial court.

With this opinion we do not agree. Though deducted from the balance that would then have been due and payable to the bankrupt, had it fully performed the contract without the intervention of the Board of Control, as authorized by paragraph six, nevertheless under the circumstances the money formed no part of the assets of his estate. Similar provisions for like contingencies occasioned by default or failure of a contractor to complete his work within a reasonable time by giving the owner the right to take charge and to complete it at the builder's expense, are not uncommon in building contracts. 9 C. J. 812, 813;

*Wilds* v. *Board of Education* (N. Y.), 125 N. E. 89, affirming 186 App. Div. 472. Paragraph six expressly authorized the State Board of Control "or its superintendent" to secure the work to be done if the contractor did not or could not complete it within the time specified, "and deduct the cost thereof from any amount then due the contractors or which may thereafter be due them." If the contractors could not legally or equitably demand payment to them of any part of the consideration for their contract paid by the Board to defendants to do what the contractors promised but failed to do, by what authority or upon what hypothesis may plaintiff require restoration to him of the money received by them as compensation for services not rendered by the contractors? His rights certainly are not superior to those of the person whose estate he represents. His position is not more highly favored than that of the bankrupt either in law or conscience. *Hardy, Trustee,* v. *Weyer,* 42 Ind. App. 343. He does not acquire title to property to be administered by him in the capacity of a bona fide purchaser for value and has no equities therein that the bankrupt did not have. He acquires his title subject to the same conditions, claims, liens and equities then attaching to it, except in so far as it is affected with fraud or where there has been a conveyance or encumbrance of the property which is declared void by some positive provision of the Bankruptcy Act. *York Mfg. Co.* v. *Cassell,* 201 U. S. 344; *Hurley* v. *Atchison, Topeka & S. F. Ry. Co.* 213 U. S. 126, 132-133; *Zartman* v. *First National Bank,* 216 U. S. 134; *Chicago Title & Trust Co.* v. *National Storage Co.,* 260 Ill. 485; *Mankins* v. *Forward Movement Syndicate,* 28 Cal. App. 285; 3 R. C. L. p. 231. See also *Wilds v. Board of Education* (N. Y.), 125 N. E. 89. The Bluestone Construction Company clearly could have offered no valid objection against the course provided for in the contract, to which it voluntarily consented, and followed in the disposition of the fund; and the right of its trustee is no greater considered in the light of the circumstances presented by this case.

Though the promise given orally by the superintendent to pay defendants for their work was in substance one to pay the debt of another, the Board derived some benefit to itself thereby, which it otherwise would not have had, and for that reason it is an

original promise and not within the statute of frauds. *Howell v. Harvey, Ex'r,* 65 W. Va. 310.

For these reasons we reverse the judgment of the court below, and on the agreed stipulation of facts enter judgment for defendants, and award them costs.

*Reversed; judgment for defendants.*