(134 So. 623)

## HARPER et al. v. DOTHAN NAT. BANK.

### 4 Div. 531.

Supreme Court of Alabama.

May 14, 1931.

Lee & Tompkins, of Dothan, and W. O. Mulkey, of Geneva, for appellee.

THOMAS, J.

·The respective claims and rights of the parties are asserted in the original and cross-bill. The appeal is from a decree overruling appellants' demurrer to the answer and cross-bill.

The facts, therein disclosed, are that the trustee of the estate of the Union Mercantile Company, an adjudicated bankrupt of date of March 11, 1929, conveyed to appellants the land in question; that on the 26th day of February, 1924, Wilson and wife (grantors of Union Mercantile Company) conveyed by mortgage to H. H. Jones, which instrument was duly and immediately recorded; that on February 23, 1928, the mortgage was satisfied by mortgagees' attorney in fact; that at the time of that conveyance of the trustee to the appellants there was no unsatisfied mortgage on the land shown by the record. The answer and cross-bill aver that on February 20, 1928, the Union Mercantile Company made draft in favor of attorneys for mortgagee Jones on the appellee bank, and it was for the purpose of having said mortgage transferred and assigned by said mortgagees to appellee, Dothan National Bank. The draft was returned for a due transfer of the mortgage, Jones and his attorneys notified of such fact and necessity of a due transfer, and on March 3, 1928, the draft was re-presented to appellee with the original mortgage from Wilson and wife, on which was the indorsement of transfer. The draft was paid, and mortgage with transfer was again recorded on March 14, 1929.

E. C. Boswell, of Geneva, for appellants.

It is further averred in the cross-bill that the person acting as attorney in fact in

satisfying the mortgage record as to said conveyance was without legal authority to so act and satisfy said mortgage on record. There was notice, averred to have been given before and at the date of the sale pursuant to the order of the bankrupt court, of appellee's prior right and interest as transferee of the mortgage, 'and that appellants purchased with such notice.

The foregoing averred notice was within the provisions of the statute, section 6887, Code, Acts 1927, p. 503, and the provisions of the bankrupt act, as amended in 1910. It was provided by the amendment of 1910, that the trustee in bankruptcy, "as to all property not in the custody · of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." In re Calhoun Supply Co. (D. C.) 189 F. 537; In re Bazemore (D. C.) 189 F. 236, 26 A. B. R. 494; Amendment Bankruptcy Act 1910, § 47a, 11 USCA § 75 (a).

The construction placed on the foregoing act of Congress is that the trustee is vested with the same rights the bankrupt had to the property at the time of the petition for bankruptcy, subject to all valid claims, liens, and equities; that is, the trustee on appointment takes the property of the bankrupt, "not as an innocent purchaser, but as the debtor had it at the time of the petition." Zartman v. First Nat. Bank, 216 U. S. 134, 30 S. Ct. 368, 369, 54 L. Ed. 418; Lewin v. Telluride Iron Works Co. (C. C. A.) 272 F. 590, 595; In re Kellogg (C. C. A.) 118 F. 1017; Sparks v. Weatherly, 176 Ala. 324, 58 So. 280; American Bottle Co. v. Finney, 203 Ala. 92, 82 So. 106; Coffman v. Folds, 216 Ala. 133, 112 So. 911.

The act of Congress was not intended as an extension of "the operation of the registration laws of the states beyond the effect given to them in the states," but as declared by Mr. Justice Sayre in Sparks v. Weatherly, 176 Ala. 324, 329, 58 So. 280, 282, that, "under the Bankruptcy Act of July, 1898, as amended by the Act of June 25, 1910, it is merely provided that as to property adversely held the trustee may proceed in such manner as an individual creditor to subject the assets of the bankrupt, had bankruptcy not intervened, and a trustee may not sue to recover lands conveyed by the bankrupt prior to the adjudication on the mere ground that the deed had not been recorded."

The use of the words, "all rights, remedies and powers of judgment creditors holding an execution duly returned unsatisfied," gave no right by reason of failure of record before adjudication of bankruptcy. "A mere judgment does not operate a lien." Decatur Charcoal Chemical Works v. Moses, 89 Ala. 538, 7 So. 637.

As to substantive rights, the trustee is in no better position than the bankrupt or his creditors would have been. It is disclosed by the bill and the cross-bill and answer, that the bankrupt, Union Mercantile Company, had actual knowledge of the mortgage in question, and knew that it was unsatisfied and the circumstances of transfer. It cannot be insisted under the Bankrupt Law that the adjudication of bankruptcy of that Mercantile Company and the qualification of its trustee gave him the protection of a judgment creditor under section 6887, Code.

The further insistence of appellants is that under the act of 1927, p. 503, and section 2 thereof, as to purchasers of real property without notice or knowledge of the facts, the alleged cancellation protected them. In this act is the provision that "cancellation of the record of mortgages, vendor's liens, judgments and other liens by the record owner * * * shall be valid as to purchasers of the real property affected by liens of such character." The act was for the protection of purchasers without notice. It is averred that appellee, through its alter ego, informed the attorney for the trustee and the purchasers at the trustee's sale of the unsatisfied mortgage in question on the land, that the bank held the first mortgage, and that the sale and purchase were subject thereto.

The action of the trial court in overruling demurrers to the answer and cross-bill is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.