CONTINUOUS GLASS PRESS CO. v. SCHMERTZ WIRE GLASS CO. et al.

(Circuit Court of Appeals, Third Circuit. April 22, 1907.)

No. 8.

INJUNCTION—PRELIMINARY INJUNCTION—DISCRETION OF COURT.

While a preliminary injunction is to be cautiously used by a court of equity, it should not be withheld if, in the exercise of a sound judgment, it is deemed necessary to prevent injustice; and an order granting such an injunction will not be reversed by an appellate court except for an abuse of discretion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 302-306.]

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

A. B. Stoughton, for appellant.

Thomas W. Bakewell and Wm. L. Pierce, for appellees.

Before GRAY, Circuit Judge, and HOLLAND and LANNING, District Judges.

LANNING, District Judge. On November 2, 1905, the Schmertz Wire Glass Company and the Mississippi Wire Glass Company filed their bill of complaint in the Circuit Court of the United States for the Western District of Pennsylvania, praying that the Continuous Glass Press Company be restrained from an alleged infringement of patent No. 791,217, for a process and apparatus for manufacturing wire glass. On March 28, 1906, an application for a preliminary injunction was denied. On April 6, 1906, an order was made providing that if the complainants, within four days from the date of the order, should file a schedule of the net prices and terms of sale of the styles of glass they alleged the defendant was manufacturing in infringement of the complainants' patent, agreeing to maintain those prices and terms during the pendency of the suit, the defendant should within one week thereafter have leave to signify its willingness to abide by such prices while the suit was pending, and that, on the defendant's failure so to do, the complainants might renew their application for a preliminary injunction. The complainants filed their schedule on the day of the date of the order, and on April 11th the defendant filed a statement signifying its willingness to abide by those prices and terms. On the same day, April 11th, the defendant issued to the trade a circular letter, the opening paragraph of which was as follows:

"By an order of court and agreements in pursuance thereof, copies of which are hereto attached, the Mississippi Wire Glass Company is after this date, April 11, 1906, debarred from selling its polished wire glass, rough wire glass, and ribbed wire glass at less than the following prices."

The complainants thereafter renewed their application for a preliminary injunction, on the ground that the circular letter was misleading in its character, and because, as it was proved, the defendant had represented at least to one party in Chicago that the order of the court was in effect a restraining order against the Mississippi

153 F.—37

Wire Glass Company forbidding their selling wire glass at any other prices than those stated in the circular letter, and that it did not apply to the product of the defendant company. The argument on this second application was had on April 24th. The result was that the court vacated the order of March 28th and allowed a preliminary injunction. This action was based on the court's conclusion that:

"In view of the further and clearer light thrown on the fact of alleged infringement by the depositions and affidavits laid before the court subsequent to its order of March 28, 1906, refusing a preliminary injunction, and in view, also, of the action of the respondents in connection with the schedule of price lists suggested by the court, we have reconsidered our former order of March 28, 1906, refusing an injunction, and after due consideration are of opinion that our former order should be vacated and a preliminary injunction should issue."

On April 24th a second bill of complaint was filed by the same complainants against the same defendant asking for an injunction to restrain the defendant from infringing reissued patent No. 12,443, which was also for an apparatus and process for manufacturing wire glass. The above-mentioned order for a preliminary injunction was made applicable to both suits.

In this appeal complaint is made of that injunction order. The record of the case shows that the Circuit Court proceeded in the case with much deliberation and great care. While a preliminary injunction is to be cautiously used by a court of equity, it should not be withheld where, in the exercise of a sound judgment, it is necessary to prevent injustice. In the present case we are satisfied that the grant of the injunction was not in any sense an abuse of the discretionary power vested in the circuit court.

Without at present expressing any opinion on the merits of the two cases, we think the decree brought before us by this appeal should be affirmed; and it is so ordered.