## BURROUGHS v. CITY OF DALLAS et al.

(Circuit Court of Appeals, Fifth Circuit. December 6, 1921.)

No. 3749.

1. **Nuisance ⬮3(9)—Scenic railway not nuisance per se.**

    The operation of a scenic railway on exposition grounds is not a nuisance per se.

2. **Nuisance ⬮33—Evidence held not to show substantial injury.**

    In a suit to restrain the operation of a scenic railway as a nuisance, evidence *held* not to show that the operation substantially interfered with the physical comfort of persons of ordinary sensibilities occupying nearby property, or that the value of that property was materially impaired.

3. **Injunction ⬮36(1), 37—Not granted where right is doubtful.**

    Injunction will not issue to enforce a right that is doubtful, or to restrain an act the injurious consequences of which are merely trifling, and where the evidence is conflicting, and the injury doubtful, the remedy may be withheld until the asserted right has been established at law.

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Suit by Nelson T. Burroughs against the City of Dallas and others to restrain the operation of a scenic railway. Decree for defendants, and complainant appeals. Modified and affirmed, and cause remanded, with leave to apply for an order transferring the suit to the law side. See, also, 276 Fed. 810.

Francis Marion Etheridge and Charles T. McCormick, both of Dallas, Tex. (Francis Marion Etheridge, Joseph Manson McCormick, Henri Louie Bromberg and Charles Tilford McCormick, all of Dallas, Tex., on the brief), for appellant.

James J. Collins, City Atty., and Allen Charlton, both of Dallas, Tex. (Thompson, Knight, Baker & Harris, and Thomas A. Knight, all of Dallas, Tex., for State Fair of Texas, T. D. Gresham and J. Hart Willis, both of Dallas, Tex., for Fair Park Scenic Railway Co., and James J. Collins, Allen Charlton, and Carl B. Callaway, all of Dallas, Tex., for city of Dallas, on the brief), for appellees.

Before WALKER, BRYAN and KING, Circuit Judges.

WALKER, Circuit Judge. This was a suit in equity brought by the appellant, a citizen of Illinois, living in Chicago, against the appellees, the city of Dallas, the State Fair of Texas, a Texas corporation, the Fair Park Scenic Railway Company, a Texas corporation, and Palmer G. Cameron, the manager of the last-named corporation. The relief sought was an injunction restraining the appellees, or either of them, from operating or permitting others to operate a described scenic railway in its present location on premises separated by Exposition avenue in the city of Dallas from a lot owned by the appellant, upon which is a residence containing 18 rooms, which is used as a boarding house, and such other relief as the appellant may be entitled to. The bill contained averments to the following effect:

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The city of Dallas owns the property situated in that city which is known as Fair Park, which abuts on Exposition avenue, a part of which property fronts the above-mentioned property of the appellant, being separated therefrom by said avenue, which is 64 feet wide. By contract between the city of Dallas and the State Fair of Texas, the latter has been let into the joint or partial use of Fair Park, and during a period of 30 days of each year takes possession of said park, using it in conducting a State Fair. The appellees Fair Park Scenic Railway Company and its manager, Palmer G. Cameron, under some contract with their coappellees, or one of them, are permitted to operate said scenic railway. The scenic railway is a structure erected for the purpose of running pleasure cars on elevated and irregular iron rails, the cars running on iron wheels, and filled with joy riders when in action. The Scenic Railway Company and Cameron, acting in concert with their coappellees, operate the cars on the scenic railway habitually in the daytime and in the nighttime, thereby creating a great volume of noise and raucous sounds coming from the cars themselves and from the occupants of the cars. The noises so arising cause such discomfort to the occupants of the appellant's house as to render it almost uninhabitable. Those noises occur in the summer time almost nightly, and are particularly annoying on Sundays and other holidays, and especially so during the holding of the Texas State Fair in the fall of each year. The scenic railway cannot be operated without producing such noises, and when it is in operation it is impossible for persons on the front porch of the appellant's house to hear each other when talking in an ordinary tone of voice, and sleep is almost impossible for one occupying a room in the appellant's house, with the results that the value of said property as a boarding house is greatly impaired, its usefulness is rendered less beneficial, and the revenue derived therefrom is greatly less than it would be with the scenic railway not in operation.

The material allegations of the bill were put in issue. The testimony of a number of witnesses was taken. That testimony was in conflict on the question of the noise incident to the operation of the scenic railway having the effect of seriously interfering with ordinary conversation carried on in the front porch of the boarding house, or of keeping occupants of that house from sleeping. A nephew of the appellant occupies the house mentioned, and he and his wife have been running it as a boarding house for several years. That nephew has lived on that lot continuously since 1889. He was connected with horse racing in Fair Park until 1912, when the races were done away with. His mother built the house now on the lot in 1908, after the scenic railway was built and was in operation. Since that house was built it has been continuously used as a boarding house by that nephew or members of his family. The appellant became the owner of the property in 1918, paying $8,000 for it. Before he bought the property he had held a mortgage on it.

So far as appears, the operation of the scenic railway was not complained of by any keeper or occupant of the boarding house until after the city of Dallas, before this suit was brought, closed a part of Ex-

position avenue between the appellant's property and the business section of Dallas. After that occurred the above-mentioned nephew of the appellant made a proposition to the city that it buy said property at the price of $30,000, or remove the scenic railway, or reopen the closed part of the street, one of the three. The city took no action on the proposition, and this suit and another one seeking an injunction restraining the city from continuing to obstruct Exposition avenue were brought by the appellant. It was disclosed that several of the witnesses examined in behalf of the appellant are interested in the result of this suit, and contributed to the expenses of it. It was not made to appear that the operation of the scenic railway has prevented the keeper of the boarding house getting and retaining boarders, and it was shown that the rates for board had been increased.

[1, 2] It is apparent that the evidence disclosed circumstances which properly may have been given the effect of unfavorably affecting the weight to be accorded to testimony offered in behalf of the appellant. The scenic railway is not a nuisance per se. We are not of opinion that it clearly appears from the record that the evidence adduced was such as to require the conclusion that the operation of the scenic railway substantially interferes with the physical comfort of persons of ordinary sensibilities who are or may be occupants of the appellant's property, or that the value of that property is materially impaired thereby.

[3] It is familiar law that injunction will not issue to enforce a right that is doubtful, or to restrain an act the injurious consequences of which are merely trifling. If the evidence be conflicting and the injury doubtful, this extraordinary remedy properly may be withheld when it is applied for before the asserted right has been established at law. Consolidated Canal Co. v. Mesa Canal Co., 177 U. S. 296, 20 Sup. Ct. 628, 44 L. Ed. 777; Parker v. Winnepiseogee Lake Cotton & Woolen Co., 2 Black, 545, 17 L. Ed. 333.

The conclusion is that the record does not show that the court erred in refusing the injunction prayed for. The decree is affirmed, so far as it denied equitable relief, and the cause is remanded, with direction that the appellant have leave to apply to the trial court for an order transferring the suit to the law side, pursuant to equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv).

Modified and affirmed.