## FOOTE v. KANSAS CITY LIFE INS. CO. et al.

### No. 8520.

Circuit Court of Appeals, Fifth Circuit.

Nov. 23, 1937.

Geo. W. Barcus, of Waco, Tex., for appellant.

Dexter Hamilton and James Ralph Wood, both of Dallas, Tex., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

By its bill in equity, the appellee obtained a decree in the court below setting aside a sheriff's sale under execution, canceling a deed to land purchased at said sale by appellant, ordering the purchase money refunded to him, and directing another sale of the property in satisfaction of the judgment under which the first sale took place. From this decree, Nathaniel Foote, the purchaser at the sale thus avoided and the son-in-law of the judgment debtor, appeals.

A motion to dismiss was filed by appellant, and the action of the court below in overruling it is assigned as error, the basis of the motion being that the District Court had no jurisdiction to cancel the deed made by a sheriff in pursuance of a sale under execution issued on a valid judgment in a state court. It is urged that the court from which the execution issued is the only court that has power to cancel said deed. We think the motion was properly overruled. Under the law of Texas, it was not necessary for the sale to be confirmed by the court.

Even though it be the rule of decision in Texas that suits of this nature must be brought in the court from which the execution issued, such rule is not binding upon federal courts sitting in equity. State statutes or rules of decision regulating venue or establishing laws of procedure cannot lessen or contract the equitable jurisdiction of courts of the United States. Simon v. Southern Ry. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492. Such jurisdiction includes controversies to set aside a sheriff's deed for fraud or mistake if other federal jurisdictional requisites are present, as in the case before us. Slater v. Maxwell, 6 Wall. (73 U.S.) 268, 18 L.Ed. 796; Cocks v. Izard, 7 Wall. (74 U.S.) 559, 19 L.Ed. 275.

The evidence, in narrative form or otherwise, is not incorporated in the record; but the material facts are fully stated in the findings made by the trial court. From these facts, the court below concluded as a matter of law that the sale was for a grossly inadequate price, "caused by mistake and inequitable circumstances," which constituted a legal fraud upon appellee. We think the facts set forth in the findings support the conclusions of law drawn therefrom by the District Court. They will be briefly stated.

On August 4, 1934, the Kansas City Life Insurance Company recovered a judgment in the state court of Texas against J. R. Pancake and wife for its debt and damages in the sum of $11,676.50 and costs of suit, with foreclosure of a deed of trust lien on a tract of land situated in Coryell county, Tex., which land was described in the judgment. As soon as the state court had announced its judgment, Pancake asked the company's attorney if it would accept a lesser amount. About August 15, 1936, Pancake was informed that the company would accept $9500 in full satisfaction of its judgment, and that, if the matter were not so compromised, the company desired no deficiency judgment against him and would bid at the foreclosure sale the full amount due it. No definite acceptance of the offer was made by Pancake, and a writ of sale was duly issued and placed in the hands of the sheriff for execution. About September 11, 1936, notice of sale of the property was advertised by the sheriff to take place on the first Tuesday in October. Immediately after the first publication of such notice, the appellant informed appellee that Pancake desired to accept its offer to settle the judgment for $9,500, and had applied to the Federal Farm Loan Bank for a loan to raise funds to pay the agreed amount. The appellee agreed that, if the application for the loan was approved, it would call off the sheriff's sale.

On October 2, 1936, the appellant, acting for the benefit of Pancake, wrote the

746

home office of appellee that the application had been approved for $8,400 and that Mr. Pancake had other resources sufficient to enable him to pay the agreed sum of $9,500 in settlement of the company's judgment. A copy of this letter was sent to the agent of the company who was to attend the sheriff's sale and bid for the property the full amount due under the judgment. Foote also had the prospective lender to write the company that the loan of Pancake had been approved. Upon receipt of this information, the insurance company wired its attorneys at Dallas, Tex., that the Pancake judgment had been settled, and to call off the sale and notify Clark. Immediately upon receipt of this word, the attorneys informed E. E. Clark, Jr., who resided in Dallas, that the Pancake matter had been settled, and to notify his father, E. E. Clark, Sr., who resided in Temple, Tex., to call off the sale. Clark, Jr., through accident or mistake, misunderstood the message and simply notified his father that the matter had been settled and that the latter need not attend the sale. The sheriff was not officially notified, and the sale took place, the property being bought for $2,500 by appellant, who by chance happened to be present at the sale.

The court found that the sheriff (who was also made a party defendant), though not officially notified to postpone the sale, on the morning thereof was informed by Pancake that he had reached a settlement with the insurance company, and the sheriff informed one Frank Mayhew, a prospective bidder, that the property would not be sold. Had he known that the sale would be held, Mayhew would have attended it and would have bid at least $5,000 for the property.

The court further found that Foote had been active in bringing about a settlement of the judgment; had attended all negotiations relative thereto; and, at the time he bought the property, knew all the facts, particularly that the company had agreed and expected to have E. E. Clark, Sr., attend the sale and bid the full amount on his indebtedness in the event a settlement was not reached; that Foote bid the property in "either for his own benefit or for the protection and benefit of his father-in-law, J. R. Pancake"; that at the time the sale was held Foote had reason to believe, and did believe, that the case had been settled and the sale called off; and that for this reason the insurance company had no

representative present to attend the sale and bid for the property, which was reasonably worth between ten and twelve thousand dollars.

This sale cannot stand in a court of equity. To employ in substance the language of Chancellor Kent, the most reasonable conclusion, and the only one honorable to the appellant, is that he purchased the property for the benefit of his father-in-law to keep the title from passing to strangers to the transaction. Howell v. Baker, 4 Johns Ch.(N.Y.) 118, 122.

Mere inadequacy of price is not sufficient to warrant a court of equity in setting aside a sheriff's sale made to a bona fide purchaser, unless the inadequacy be so great as to shock the conscience; but if, as here, the price is grossly inadequate and, in addition, there is fraud, mistake, or other circumstances which prevent competition in bidding, to the injury of the parties interested, the sale should be set aside. Graffam v. Burgess, 117 U.S. 180, 6 S.Ct. 686, 29 L.Ed. 839; Brophy v. Kelly (C.C.A.) 211 F. 22; Kauffman & Range v. Morriss, 60 Tex. 119.

The decree appealed from should be, and is, affirmed.