Glen FLOURNOY, d/b/a Odessa Aero Service

v.

UNITED STATES AVIATION UNDERWRITERS, INC.

Civ. A. No. 3355.

United States District Court
W. D. Texas,
Pecos Division.
July 24, 1962.

238

Warren Burnett, Odessa, Tex. (Lee Arnett, Odessa, Tex.), for plaintiff.

Thompson, Knight, Wright & Simmons, Dallas, Tex. (Timothy E. Kelley, Dallas, Tex.), for defendant.

SPEARS, District Judge.

The question in this case is whether the amount in controversy is sufficient to support Federal jurisdiction.

On March 21, 1961, the plaintiff, Glen Flournoy, doing business as Odessa Aero Service, a resident of Texas, filed suit against the defendant, United States Aviation Underwriters, Inc., a New York Corporation, in the District Court of Ector County, Texas, claiming the sum of $11,750 for damages resulting from an accident on September 20, 1960, involving an aircraft covered by a policy of aircraft hull insurance issued by the defendant. The case was removed to this Court on April 14, 1961 on the grounds of diversity of citizenship.

In its answer the defendant denied either that the aircraft was damaged in the amount claimed or that it was covered at the time and place in question by said policy of insurance.

By an amended complaint filed after removal, the plaintiff reduced his claim to $8,335.

It is undisputed that the amount of insurance in force on the aircraft at the time of the accident was $14,335; that the salvage was sold by the plaintiff on January 15, 1961 (more than two months before suit was filed in state court) for $5,500; that the proceeds from the sale were applied to an outstanding indebtedness against the aircraft; that at the time suit was filed, plaintiff's attorney did not know the salvage had been sold; and that at the time this case was removed the maximum amount the plaintiff could have recovered from the defendant was less than $10,000.

The original demand was for $11,750 because the plaintiff's attorney did not know of the prior sale of the salvage, and his file reflected that the cost of repairing the aircraft would be the amount for which he sued.

It became readily apparent, however, at the pre-trial conference in this Court, that at the time suit was filed in State Court the total recovery under the terms of the insurance policy could not have exceeded the sum of $8,835, which represents the difference between the amount of insurance in force at the time of the accident and the sale price of the salvage. Clearly, therefore, plaintiff's attorney was mistaken when he demanded the larger sum for his client. If he had known the true facts, he could not have in good faith claimed the amount stated.

All of the events affecting jurisdiction of the instant case occurred prior to the institution of suit in state court, and it is obvious that a recovery of the jurisdictional amount has been at all relevant times a legal impossibility. The fact that a mistake may have been honestly made in claiming the original amount could not convert what in the absence of the mistake would have been bad faith, into the kind of good faith necessary to vest jurisdiction in this Court. Horton v. Liberty Mutual Insurance Company, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Martin v. Western Union Telegraph Co., 57 F.Supp. 321 (E.D.Wis. 1944); Oblak v. Armour & Co., 1 F.R.D. 648 (W.D.Mo.1941).

Under the circumstances it becomes the duty of the Court to remand this case to the state court, and an order to that effect will be entered. 28 U.S.C. § 1447(c).