JEFFERSON BANK & TRUST COMPANY, Plaintiff-Appellee,

v.

Harald VAN NIMAN and Kenneth G. Madden, Intervenors-Appellants,

v.

The VESSEL CAPTAIN SONNY I, Now Known as Elizabeth Anne, Calco Marine Services, Inc. and Frank C. Calmes, Defendants.

No. 83–3123.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1984.

Fine, Waltzer & Begneris, Bruce C. Waltzer, Thomas M. Derose, New Orleans, La., for intervenors-appellants.

Newman & Drolla, Robert T. Wakefield, Joseph E. Fick, Jr., New Orleans, La., for plaintiff-appellee.

Before RUBIN and RANDALL, Circuit Judges, and MITCHELL *, District Judge.

PER CURIAM:

Two seamen who had filed a wage claim against a vessel seek to set aside the sale of the vessel to the holder of a preferred ship mortgage and to obtain an order requiring a new sale with a minimum bid sufficient to satisfy their wage claim. The suggestion having been made that the case may be moot as a result of the resale of the vessel by the mortgagee, we remand it for proceedings to determine whether it is moot, and, if it is not, for further proceedings consistent with this opinion.

Jefferson Bank & Trust Company foreclosed on a preferred ship mortgage in the original amount of $200,000, on which $185,-000 in principal plus $8829.60 in interest was due, and, in an in rem proceeding, seized the mortgaged vessel, Captain Sonny I, now known as the Elizabeth Anne. Two seamen, alleging that they had been members of the vessel's crew, intervened to assert a lien for seamen's wages and supplies, penalty wages, and attorneys' fees, pursuant to 46 U.S.C. § 596 et seq. The bank

---

* District Judge of the Eastern District of Louisi- ana, sitting by designation.

obtained a second order directing the marshal to sell the vessel. Before the sale, the bank obtained an order from the district court permitting it to bid "up to the amount of its mortgage lien" without payment of cash, provided that "court costs, marshal's fees, clerk's fees, taxes and costs shall be paid in cash." Although the lien for wages of the crew had priority over the lien for the preferred ship mortgage, 46 U.S.C. § 953, counsel for the seamen did not register the wage claim with the Coast Guard. Therefore, the claim did not appear on the ownership certificate obtained by the marshal prior to the sale, and the marshal did not require a bid sufficient to cover liens having priority over the preferred ship mortgage. At the sale, the bank bid $500 and the vessel was adjudicated to it. Having received no objection to the sale, the district court thereafter confirmed it.

A week later, the seamen asked the district court to set aside the sale and to order a new sale on the grounds of "inequity, prejudice, inadequacy of the sale price and injustice." The motion was argued, but no evidence was introduced. The district court stated that it was obliged to uphold the sale. "There isn't any doubt in my mind that the amount is essentially a token amount, but I don't perceive that fact would form a proper basis for my setting the sale aside." This appeal was taken from the judgment denying relief to the seamen. No supersedeas bond was posted, and no stay order was sought.

■ At oral argument, the bank's lawyer stated that he had been informed only the day before that the vessel had been sold and urged the court to remand the case for a hearing on mootness. No evidence of the resale is in record. We therefore remand for determination whether the case is moot.

If the case is not moot, there are other issues the district court should consider. The district court was of the opinion that, however inadequate the price, it could not set aside the sale. The court was afforded neither the benefit of any citation of authority by the seamen's counsel nor evidence on which a proper determination of the facts could be made.

■ Absent fraud or collusion, a judicial sale should not ordinarily be set aside. The court has power to do so, however, if the price is so grossly inadequate as to shock the conscience. *Ballentyne v. Smith*, 205 U.S. 285, 289, 27 S.Ct. 527, 528, 51 L.Ed. 803 (1907); *Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183, 1188–89 (5th Cir. 1977); *Foote v. Kansas City Life Insurance Co.*, 92 F.2d 744, 746 (5th Cir.1937). While there is no evidence in the record concerning the value of the vessel at the time of sale, a value far in excess of $500 seems likely. The bank was due $185,000 on the mortgage, and, in 1980, it had loaned $200,000 on the security of the vessel. Thus, the record strongly suggests that, just three years ago, the vessel had a value of at least $200,000. If the value of the vessel at the time of sale was more than $100,000, then $500 would be a grossly inadequate price, shocking to the conscience. (This illustration is not meant to foreclose the possibility that a far smaller ratio of value to price would satisfy the criteria.)

In reaching this conclusion, we do not disregard the Fourth Circuit's opinion in *Golden v. Oil Screw Frank T. Shearman*, 455 F.2d 133 (4th Cir.1972). In that case the district court refused to set aside the sale of a vessel valued far in excess of the $1,000 bid. The court found that the seamen with a lien on the vessel had been negligent in failing to attend the sale and to offer a protective bid. This was compounded by their failure to file any motion to set aside the sale within the two-day period set by Local Admiralty Rule 5 of the Eastern District of Virginia. The appellate court did not "feel that the circumstances of this case required that the District Judge relax the application of the Rule." Accordingly, the court declined to disturb the exercise of the district judge's discretion. 455 F.2d at 135.

In the present case, however, the district judge did not undertake to exercise his discretion. He thought himself obliged to affirm a sale for which he had such distaste

that he said: "It will be the last time that you or any other bank will ever go to a Marshal sale ordered by this court without cash up front. It is correct that I did permit you to do it on this, as I have on a couple of other occasions, all of which have ended in disasters, as far as I am concerned."

We repeat that the district court was not assisted in determining the correct standard by the seamen's counsel. Fairness to the traditional wards of the admiralty court requires that we give the trial court an opportunity to reassess this issue with the guidance of our prior decisions.

For these reasons, the case is REMANDED for further proceedings consistent with this opinion. Each party is to bear its own costs.