776 F.2d 876
 REDWOOD EMPIRE PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellee,
v.
O/S COOS BAY, Official Number 222 739, her engine, tackle,
appurtenances, etc., in rem, James H. Elkin and
Donna M. Elkin, in personam,
Defendants-Appellants.
 No. 85-1528.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 10, 1985.
Decided Nov. 19, 1985.
As Amended on Denial of Rehearing Jan. 21, 1986.
 
 Robert B. Kaplan, Frandzel & Share, San Francisco, Cal., for plaintiff-appellee.
 John E. Droeger, Hall, Henry, Oliver & McReavy, San Francisco, Cal., for defendants-appellants.
 Appeal from the United States District Court for the Northern District of California.
 Before ANDERSON, FARRIS, and NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James H. and Donna M. Elkin, husband and wife, gave a preferred ship's mortgage on their vessel O/S COOS BAY to Redwood Empire Production Credit Association to secure a promissory note of approximately $58,000. No payments were made on the debt resulting in foreclosure under the Ship Mortgage Act. When the Coos Bay was arrested, the parties stipulated that the vessel would be sold at public auction, that the Credit Association would advertise the sale in three specified newspapers, and that certain electronic equipment which the Elkins had removed from the vessel would be turned over to the Credit Association.
 
 
 2
 The Coos Bay was sold at public auction (with counsel for the Elkins present) for $3,200. Pursuant to local Admiralty Rule 610-4(b) of the Northern District of California, the sale became confirmed as a matter of law when the Elkins did not object.
 
 
 3
 When the Credit Association served its motion for summary judgment to secure the deficiency between the amount due on the note and the sale price of the vessel, the Elkins included in their opposition the argument that the publication of the sale had been defective but no evidence by way of declaration or affidavit. The district court, without hearing argument, entered judgment for the full amount of the claim and ordered return of the unsold equipment to the Elkins.
 
 
 4
 In a motion for reconsideration, the Elkins objected to the return of the equipment and produced a declaration of counsel wherein he stated that he would have opposed confirmation of the sale if he had known of the defective publication. An unsigned declaration of an employee of the mailing service regarding the allegedly late newspaper notice was also included in the motion. The Credit Association filed a timely opposition. The Elkins responded with an untimely reply wherein they requested continuance of the hearing to enable them to depose various employees involved in the allegedly late publication of notice.
 
 
 5
 The district court denied the motion for reconsideration finding that the Elkins failed to show prejudice. The Elkins appeal. They argue that the Credit Association, which was obligated by the stipulation to publish notice, should have the burden of showing an absence of prejudice.
 
 
 6
 We need not consider whether prejudice must be shown or who has the burden. The sale was confirmed as a matter of law. It is not subject to a collateral attack some seventeen months after its confirmation for an alleged defect in publication of notice of sale where as here, the owners were duly notified of the sale, present for the bidding and in fact had procured the successful bidder who, at their urging, entered a $200 raise to the only bid made.
 
 
 7
 The Elkins could have prevented automatic confirmation of the sale by objecting within the statutory limit. Publication of sale is a matter of public record. Counsel cannot excuse his failure to inquire by arguing now that the burden of inquiry was upon another. If there is a gross disparity between the fair market value and the sale price of the vessel, (none is alleged) the Elkins could have opposed the sale by making such a showing. See Ghezzi v. Foss Launch & Tug Co., 321 F.2d 421, 425 (9th Cir.1963); Jefferson Bank & Trust Co. v. Van Niman, 722 F.2d 251, 252 (5th Cir.1984). No timely objection of any kind was made to the sale.
 
 
 8
 Upon these facts, nothing more is required. The court properly rejected the untimely objection to the confirmed sale.
 
 
 9
 The Credit Association's request for the award of attorneys' fees incurred by it in defending against the Elkins appeal is denied.
 
 
 10
 Affirmed.